COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Melvin Lee Duke v. The State of Texas

Appellate case number:    01-16-00245-CR

Trial court case number:  1444640

Trial court:              263rd District Court of Harris County

Appellant's brief was originally due on August 22, 2016. On August 22, 2016, appellant filed a motion seeking an extension of time to file his brief until September 21, 2016, contending that an extension was necessary because counsel, Sarah Beth Landau, had multiple other cases assigned to her and she had been "unexpectedly incapacitated due to illness intermittently since July 30, 2016." We granted the motion and required appellant to file his brief by September 21, 2016.

On September 21, 2016, appellant filed a second motion for extension, in which counsel Landau again complained of her workload and intermittent illness. We granted the motion, and required appellant's brief to be filed by October 21, 2016.

On October 19, 2016, appellant filed a third motion for extension, requesting another 30-day extension based on counsel Landau's workload and intermittent illness. We granted the extension until November 21, 2016, but stated that no further extensions would be granted and that if the brief was not filed by November 21, 2016, we would abate the appeal for a hearing in the trial court.

Nevertheless, on November 21, 2016, appellant filed a fourth motion for extension of time, once again contending that an extension is necessary based on counsel Landau's workload, including cases and teaching, as well as her continuing attempt to catch up after her intermittent illness. We deny the motion for extension.

Pursuant to Rule of Appellate Procedure 38.8, we abate this appeal and remand the case to the trial court for a hearing. *See* TEX. R. APP. P. 38.8(b)(2)–(3). We direct the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office, appointed

counsel Landau, and appellant shall be present.[1]  The trial court shall have a court reporter record the hearing.  The trial court is directed to make appropriate findings on these issues:

(1)  whether appellant wishes to prosecute this appeal; and, if so,

(2)  whether appointed counsel Landau has abandoned the appeal by failing to timely file briefs on appellant's behalf;

(3)  and, if so, whether appellant is presently

(a) indigent, in which case the trial court should appoint new appellate counsel at no expense to appellant and establish a date by which counsel will file a brief, no later than 30 days from the appointment; or

(b) not indigent, in which case the trial court should establish a date by which appellant shall retain new counsel;

(4)  or, if appointed counsel Landau has not abandoned the appeal, make appropriate findings and recommendations regarding the reason that counsel has failed to file a brief and establish a date by which counsel will file appellant's brief, no later than 30 days from the date of the hearing.

TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04; TEX. R. APP. P. 38.8(b)(2), (3), (4).

The trial court shall cause a supplemental clerk's record containing its findings and recommendations, including the name, address, telephone number, and State Bar number of any substitute counsel, and the reporter's record of the hearing to be filed in this Court **no later than December 22, 2016.**  If the hearing is conducted by video teleconference, a certified video recording of the hearing shall be filed in this Court no later than December 22, 2016.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order, and the reporter's record of the hearing, have been filed in this Court. The trial court coordinator shall set a hearing date and notify the parties and the Clerk of this Court of such date**.**

Should appellant's brief be filed on or before December 15, 2016, the Court will withdraw this order and reinstate the case on the active docket.

It is so ORDERED.


Judge's signature: /s/ Harvey Brown
                    ☒  Acting individually

---

[1]  If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant.  On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

Date:  November 29, 2016